## JACOB BANCROFT *vs.* THE CITY OF BOSTON.

Suffolk.    March 13. — June 29, 1874.    COLT & ENDICOTT, JJ., absent

The provisions of the St. of 1866, *c.* 174, do not permit the set-off of benefits in estimating the damages to a land-owner, caused by taking part of his estate for the widening of a street.

Where a street is widened under the provisions of the St. of 1866, *c.* 174, the whole benefit and advantage to an estate thereon, so far as it is caused by the widening of the street, should be determined for the purposes of an assessment under the provisions of the St. of 1868, *c.* 276, but an increase in value per foot of the land, owing to a change in form or size of the lot caused by taking part of it for the street, should not be included, as such increase is considered in estimating the damages paid to the owner for the land taken.

A jury in revising an assessment for the betterment to an estate by the widening of a street made under the provisions of the St. of 1868, *c.* 276, cannot alter the proportional share of the benefit assessed upon the estate in question in common with all the estates benefited and liable to the assessment, unless they find the whole cost of the widening to be less than the amount assessed by the board of aldermen.

PETITION under the St. of 1866, *c.* 174, for a jury to revise an assessment of betterment made by the board of aldermen of the city of Boston, upon the estate of the petitioner, fronting on Hanover Street, part of which was taken to widen said street. Trial in the Superior Court, before *Putnam*, J., who after verdict reported the case for the consideration of this court in substance as follows :

There was evidence as to the value of the estate in question, before and after said widening ; also, of the cost of the widening ; and as to the questions what the benefit to the petitioner's estate was, and what the amount of said cost was, that was assessed upon some of the neighboring estates ; a schedule of the whole assessment, as made by the board of aldermen, was put in, and a witness called by the city to show that the apportionment as there made to the different estates assessed, was a fair one. There was evidence tending to show that all small pieces of land in Boston, susceptible of any use for business, were always worth more per foot than large pieces would be in the same locality.

The petitioner contended, " 1. That the benefit or advantage for which an assessment of betterment, in consequence of the widening, is to be made, must not be any such benefit as could be the subject matter of set-off, in estimating the damages of the land

owner, for the portion of his land taken to widen the street.
2. That the comparison must be made, not between the value of
the land as now on a street, and as rear land of the original lot
before the widening, but simply between this lot on a narrow
and on a wide street. 3. That the mere reduction of the original
estate of the petitioner, by the taking of a part thereof to widen
said street, to a small parcel of land, and so increasing its value,
was not such a benefit of the widening as is within the benefit
contemplated by the statutes."

And the petitioner requested the presiding judge so to rule and
instruct the jury, which he declined to do, but submitted the case
to the jury under such other instructions as he deemed proper,
but not in conformity to the instructions asked for.

The board of aldermen determined that the benefit which this
estate had received from the widening was $9000, and assessed
the betterment at the sum of $4500, one half part thereof. The
jury determined the benefit to be $6465, and assessed the better-
ment at one third thereof, to wit, $2155. The whole assessment
made by the board of aldermen did not exceed the whole cost
of the widening of the street.

After the verdict the counsel for the city filed a motion for a
new trial on the ground that the verdict was not in conformity to
law, for the reason that the jury could not legally find that the
petitioner should pay any other proportion of the benefit to said
estate than one half thereof. The court overruled this motion, to
which the counsel for the city excepted.

If the rulings of the court were right upon the trial, and upon
the motion for new trial, the verdict is to stand. If they were
incorrect, the case is to be returned to the Superior Court for a
new trial.

*G. W. Phillips*, for the petitioner.

*J. P. Healy*, for the respondent.

WELLS, J. In this case the street was widened under the pro-
visions of the St. of 1866, c. 174, which do not permit the set-off
of benefits in estimating the damages to the land-owner. The
value of the whole benefit and advantage to the estate should
therefore be determined for the purposes of the assessment under
the St. of 1868, c. 276, so far as it was caused by the widening
of the street. The first ruling prayed for was erroneous, and
properly refused.

The second and third rulings prayed for contain correct propositions which should have been given in some form, though not precisely in that of the prayers. The benefits to be estimated are those which arise from the improvement of the street. Not only the increased facilities of access, the advantage from the opening of a broader and more attractive or convenient thoroughfare in its effect upon the use of the land for the purposes of business or other occupation, but the increased value for the purposes of sale may all be taken into consideration. But so far as an increase of relative value for the purposes of sale results merely from a reduction in the size of the lot, it is not a benefit conferred upon the land by the public improvement. If any consideration of that sort is to be taken into account, it must be in the estimate of damages ; not as a set-off, but as affecting the question of the extent of injury to the whole lot by cutting off a part for the street. The same is true of the effect of cutting off the front, and thus bringing forward to the street or nearer to the street that which was before at a greater distance from the street. The effect upon the whole lot, caused by cutting off a part, in view of the advantage or disadvantage to the remainder in respect of its size or form, is always and necessarily an element in the estimate of " damages for land taken." It should not therefore be again included in the estimate of benefits.

The jury determined the benefit to be $6465, and to their verdict in that particular there appears to be no ground of objection in law. The board of aldermen had adjudged the value of the benefits to be $9000, and had assessed the petitioner $4500, or one half the amount thereof ; and the report states that " the whole assessment made by the board of aldermen did not exceed the whole cost of widening the street." It must be assumed upon this report that the assessment was of a proportional share upon all the estates benefited and liable to the assessment ; and that the cost was so great as to warrant an assessment to the full extent allowed by the statute ; to wit, one half the adjudged value of the benefits. When the jury, in revising the judgment of the board of aldermen, determined the benefits to be $6465, and did not find the whole cost to be less than the amount assessed by the board, the only " proportional share " which could be assessed was one half of the amount so fixed by them as the value of the

benefits. The ratio of one third which they adopted, and any other ratio than one half, would not be a "proportional share" and was not therefore within the power of the jury.

According to the terms of the report the verdict must be set aside and a                                   *New trial ordered.*